```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

IAISHA N. MATTHEWS,

                    Plaintiff,           1:17-cv-00371-MAT
            -v-                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____
```

## INTRODUCTION

Iaisha N. Matthews ("Plaintiff"), represented by counsel, brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 1383(c). Presently before the Court are the parties' competing motions for judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On January 24, 2013, Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"), alleging disability as of January 1, 2005 due to a learning disability, anxiety disorder, manic depressive disorder,

bipolar disorder, and schizophrenia. Administrative Transcript ("T.") 95, 107. The claims were initially denied on July 3, 2013. T. 113-18. At Plaintiff's request, a hearing was conducted on September 3, 2015, in Buffalo, New York by administrative law judge ("ALJ") Bruce Mazzarella, with Plaintiff appearing with her attorney. A vocational expert ("VE") also testified. T. 31-93. At the hearing, Plaintiff withdrew her Title II application for DIB, noting a lack of significant medical evidence of disability prior to the date last insured of September 30, 2005. T. 35-36.

The ALJ issued an unfavorable decision on December 31, 2015. T. 10-25. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 8. On April 11, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. T.15.

At step two, the ALJ determined that Plaintiff had the "severe" impairments of: learning disability; schizoaffective

disorder; bipolar disorder; anxiety disorder; panic disorder; alcohol abuse; and mild carpal tunnel syndrome. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 16.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to performing simple, repetitive and routine tasks, with only occasional contact with the general public and fellow workers; and should not engage in constant, repetitive gross and fine dexterity with the hands. T. 17.

At step four, the ALJ determined that Plaintiff had no past relevant work. T. 24. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of: cleaner, housekeeper; picking table worker; and routing clerk. *Id.* The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 25.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

**I. Assessment of the Opinion of Consultative Examiner Dr. Renee Baskin**

Plaintiff seeks remand of this matter, arguing that although the ALJ purported to give great weight to the opinion of consultative examiner Dr. Renee Baskin, he improperly ignored Dr. Baskin's finding that Plaintiff would have moderate limitations in her ability to maintain attention and concentration, and to maintain a regular schedule. For the reasons set forth below, the Court agrees that the ALJ failed to properly explain his assessment of Dr. Baskin's opinion.

Dr. Baskin performed a psychiatric evaluation of Plaintiff on May 6, 2013. T. 382-85. Dr. Baskin noted that upon examination, Plaintiff's attention and concentration were mildly impaired due to limited intellectual functioning (lack of formal education). T. 384. Plaintiff was able to do simple calculations, but unable to do serial threes. *Id*. Plaintiff's recent and remote memory skills were mildly impaired – she was able to recall three out of three objects immediately, but only one out of three objects after five minutes. *Id*. Dr. Baskin estimated Plaintiff's intellectual functioning to be in the borderline range. *Id*. Based on her examination of Plaintiff, Dr. Baskin opined Plaintiff would have minimal to no limitations being able to follow and understand simple directions and instructions, and perform simple tasks independently. However, Plaintiff would have moderate limitations

5

being able to maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, relate adequately with others and deal appropriately with stress. T. 384-85. Dr. Baskin further opined that these results were consistent with psychiatric problems which may significantly interfere with Plaintiff's ability to function on a daily basis. T. 385.

In his decision, the ALJ gave "greatest weight" to Dr. Baskin's opinion, noting her findings and opinion were consistent with the treatment notes from Niagara County Department of Mental Health ("NCDMH"), and consistent with Plaintiff's acknowledged activities of daily living. T. 22-23. However, without explanation, the ALJ failed to fully adopt Dr. Baskin's opinion when crafting the RFC finding, in particular omitting the finding that Plaintiff would have moderate limitations maintaining attention and concentration, and maintaining a regular schedule. *See* T. 17. The Court finds that the ALJ's failure to explain his rejection of this portion of Dr. Baskin's opinion was error.

In resolving evidence, an ALJ is entitled to accept parts of a doctor's opinion and reject others. *See Veino v. Barnhart*, 312 F.3d 578, 588-89 (2d Cir. 2002). However, an ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified without providing some reasonable explanation. *See Shaw v. Chater*, 221 F.3d 126, 135

6

(2d Cir. 2000) (finding error where the ALJ relied on part of a physician's opinion but rejected other portions without explanation); *see also* *Labonte v. Berryhill*, No. 16-CV-518-FPG, 2017 WL 1546477 at *3 (W.D.N.Y. May 1, 2017) ("when an ALJ adopts only portions of a medical opinion he or she must explain why the remaining portions were rejected"); *Agron v. Colvin*, No. 15-CV-6572, 2016 WL 4510432, at *2 (W.D.N.Y. Aug. 26, 2016) (while an "'ALJ is not obligated to reconcile explicitly every conflicting shred of medical testimony,' the ALJ must explain why a medical opinion was not adopted when his RFC assessment conflicts with that medical source opinion - especially where, as here, the ALJ gave '[g]reat evidentiary weight' to the opinion undermining his RFC finding.") (quoting *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006)); *Searles v. Astrue*, No. 09-CV-6117, 2010 WL 2998676, at *4 (W.D.N.Y. July 27, 2010) ("An ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified." (citation omitted)); *cf.* Social Security Ruling ("SSR") 96-8p 1996 WL 374184, at *7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted").

In this case, the ALJ purported to give "greatest weight" to Dr. Baskin's opinion, but then failed to discuss her opinion that Plaintiff had moderate limitations in the ability to maintain

7

attention and concentration, and to maintain a regular schedule. The ALJ's failure to explain his assessment of this portion of Dr. Baskin's opinion prevents the Court from meaningfully reviewing his decision, and warrants remand. *See Marthe v. Colvin*, No. 6:15-cv-0643(MAT), 2016 WL 3514126, at *8 (W.D.N.Y. June 28, 2016) (the ALJ's failure to specify reasons for discounting a medical opinion prevented the Court from conducting a meaningful review of the substantiality of the evidence supporting the ALJ's decision).

The Commissioner argues that remand is not required because the ALJ's RFC finding was consistent with Dr. Baskin's opinion, inasmuch as incorporating the opinion that Plaintiff has a moderate limitation in her ability to maintain attention and concentration would not alter the ALJ's ultimate disability decision. There is indeed case law to support the conclusion that a moderate limitation in attention and concentration may be accounted for with a limitation to unskilled work. *See, e.g., Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 315 (W.D.N.Y. 2013) (concluding that an RFC determination limiting a claimant to simple, routine, repetitive tasks was consistent with the ALJ's assessment that claimant had moderate difficulties with concentration, persistence and pace); *Martinez v. Comm'r of Soc. Sec.*, No. 3:16-CV-0908, 2017 WL 2633532, at *7 (N.D.N.Y. June 15, 2017) (finding that an RFC determination for unskilled work is not necessarily inconsistent with moderate mental limitations). However, in this case, the consultative

8

examiner noted both moderate limitations in attention and concentration and moderate limitations in the ability to maintain a regular schedule, and the ALJ failed to state in his opinion that these limitations were accounted for in the RFC finding. To the contrary, while the ALJ expressly stated that Plaintiff's difficulties in performing complex and varied tasks, learning new tasks, relating to others, and dealing with stress were accounted for by the limitation to simple, repetitive, and routine tasks (*see* T. 23), he made no mention whatsoever of Plaintiff's limitations in attention and concentration and in maintaining a schedule. The ALJ's omission of these specific limitations in his discussion undercuts any conclusion that he meant for them to be accounted for therein.

While moderate limitations in mental functioning may not necessarily preclude the performance of simple, repetitive tasks, the ALJ's failure in this case to explain his conclusions prevents the Court from meaningfully reviewing the basis therefor and from concluding that Dr. Baskin's opinion was subsumed within the RFC assessment. "[T]he ALJ is required to provide [a] rationale in the written decision sufficient to allow this Court to conduct an adequate review of [his] findings. . . . It is not the function of this Court to speculate as to the evidence and legal standards on which the ALJ based [his] decision, nor to supply its own rationale where the ALJ's decision is lacking or unclear." *Dittmar v. Comm'r*

9

*of Soc. Sec.*, No. 1:16-CV-0404 (CFH), 2017 WL 2333836, at *5 (N.D.N.Y. May 30, 2017). As such, the Court will not speculate that the ALJ meant to implicitly include all of the limitations identified by Dr. Baskin in the RFC finding, particularly where he omitted specific limitations from his analysis while expressly discussing others.

*Barry v. Colvin*, 606 F. App'x 621 (2d Cir. 2015), on which the Commissioner relies, is inapposite. In *Barry*, unlike in this case, the ALJ expressly considered and discussed the consultative examiner's opinion that the plaintiff was unable to maintain a regular schedule, but ultimately concluded that the other substantial evidence of record did not support that conclusion. *Id*. at 624. However, in this case, as discussed above, the ALJ made no mention of Dr. Baskin's opinion regarding Plaintiff's ability to maintain a regular schedule. *Barry* therefore does not support the ALJ's determination in this case.

For all the reasons discussed above, the Court finds that the ALJ failed to appropriately explain his assessment of Dr. Baskin's opinion, thus depriving the Court of the ability to perform a meaningful review. In particular, the ALJ failed to explain his conclusion regarding Dr. Baskin's finding that Plaintiff had moderate limitations in the ability to maintain attention and concentration and the ability to maintain a regular schedule, and in fact omitted those limitations entirely from his discussion of

Dr. Baskin's opinion. Accordingly, remand of this matter for further administrative proceedings is warranted.

## II. Assessment of the Opinion of Plaintiff's Therapist Juliana Corsaro

Plaintiff also argues that the ALJ inappropriately credited Dr. Baskin's opinion over the opinion of her treating therapist, Licensed Clinical Social Worker - R ("LCSW-R") Juliana Corsaro, without explanation. The Court agrees, and finds that this error by the ALJ further warrants remand.

Plaintiff has been treated by LCSW-R Corsaro, under the supervision of treating psychiatrist Dr. Brian Joseph, on a biweekly basis since April 2013. T. 396-404, 621. Based on two years of biweekly treatment, LCSW-R Corsaro opined on May 8, 2015, that Plaintiff had moderate limitations with her: activities of daily living; ability to understand, remember and carry out instructions; and ability to respond appropriately to supervision. T. 622-23. She further opined Plaintiff had marked limitations in: maintaining social functioning; concentration, persistence or pace resulting in failure to complete tasks in a timely manner; her ability to respond appropriately to co-workers; and her ability to satisfy an employer's normal quality, production, and attendance standards. T. 622-24. LCSW-R Corsara also opined Plaintiff had severe limitations in her ability to: respond to customary work pressures; perform complex tasks on a sustained basis in a full-time work setting; and perform simple tasks on a sustained basis in

11

a full-time work setting. T. 624. Finally, she reported Plaintiff has experienced repeated episodes of deterioration or decompensation (on three or more occasions within one year, for at least two weeks at a time), causing her to withdraw from that situation or to experience exacerbation of signs and symptoms. T. 623.

In his decision, the ALJ found that LCSW-R Corsara's opinion should not be given controlling weight because LCSW-R Corsara is not a physician. T. 23. The ALJ further found the opinion was inconsistent with Dr. Baskin's report and inconsistent with NCMHD treatment notes over the treatment period. *Id*. He accordingly gave LCSW-R Corsara's opinion little weight. *Id*.

The Court acknowledges that mental health counselors are "not an acceptable treating source as defined by the Commissioner." *Esteves v. Barnhart,* 492 F. Supp. 2d 275, 281 (W.D.N.Y. 2007). "Acceptable medical sources" include licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists. 20 C.F.R. §§ 404.1513(a), 416.913(a). Nonetheless, opinions from other sources must be considered by the adjudicator, as the regulations require the Commissioner to "consider all relevant evidence in the case record when [making] a determination or decision about wether [an] individual is disabled. SSR 06-03p, 2006 WL 2329939, at *4 (S.S.A. Aug. 9, 2006). Furthermore, the opinions from medical sources such as Licensed

12

Clinical Social Workers and Nurse Practitioners are "important and should be evaluated on key issues such as ... functional effects [of an impairment]." *Anderson v. Astrue*, No. 07-CV-4969, 2009 WL 2824584, at *9 (E.D.N.Y. Aug. 28, 2009). Notably, this is even more relevant within the context of "mental disabilities, which by their nature are best diagnosed over time." *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 629 (S.D.N.Y. 2006).

While an ALJ may reject the opinion of a mental health counselor where it is inconsistent with the claimant's treatment records (*Bulavinetz v. Astrue,* 663 F. Supp. 2d 208, 212 (W.D.N.Y. 2009)), the ALJ is required to use the same factors as used for the evaluation of the opinions from "acceptable medical sources" enumerated in 20 C.F.R. § 404.1527(c) (*see* § 404.1527(f)), including properly explaining weight given to such opinions in such a way that "allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.*

In this case, the ALJ again failed to provide the specificity required by the regulations to allow for a meaningful review of his reasoning. *See Marthe*, 2016 WL 3514126, at *8. In particular, the ALJ indiscriminately cited no less than 150 pages of treatment notes from over a period of more than two years, making the conclusory assertion that LCSW-R Corsaro's assessment was inconsistent with them. T. 23. Given the length of time over and

13

frequency with which LCSW-R Corsaro treated Plaintiff, the Court finds the ALJ did not meet his burden of properly explaining his rejection of LCSW-R Corsaro's disability-supporting opinion. Accordingly, on remand, the Court instructs the ALJ to give a thorough and proper analysis of LCSW-R Corsaro's opinion, in conjunction with a thorough review of the NCMHD treatment notes, and to then provide an appropriate explanation of the weight assigned to the opinion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 11) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Docket No. 13) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   September 13, 2018
         Rochester, New York